IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

**In the Matter of:**

| | |
|---|---|
| **Kip Merl Banks,** | **Case No. 03-10352-8-JRL** |
|     Debtor. | |

| | |
|---|---|
| **Sheila Banks,** | **Adversary Proceeding** |
|     Plaintiff. | **No. L-04-00141-8-AP** |

**vs.**

**Kip Merl Banks,**
    Defendant.

### ORDER

The matter before the court is the plaintiff, Sheila Banks' complaint against the defendant, Kip Merl Banks. The plaintiff asks the court to declare a debt nondischargeable pursuant to 11 U.S.C. § 523(a)(15). A trial was held on April 5, 2004 in New Bern, North Carolina. Pursuant to Federal Rule of Bankruptcy Procedure 7052, this Order contains findings of fact and conclusions of law based thereon.

### FINDINGS OF FACT

1. Defendant Kip Merl Banks originally filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 2, 2003.

2. The defendant converted his case to a Chapter 13 case on February 10, 2004.

3. The Chapter 13 trustee, Richard M. Stearns, moved to reconvert the case to Chapter 7 for failure to satisfy the liquidation test, and the case was reconverted

to a Chapter 7 case on May 18, 2004.

4. The plaintiff, Sheila Banks, and the defendant were married on March 24, 1989, and subsequently separated on November 18, 2002. They have one child, Hayley Brook Banks, born October 4, 1996.

5. The parties entered into a separation agreement dated November 18, 2002.

6. The Separation Agreement provides for the plaintiff to exercise custody of the minor child and for the defendant to make child support payments of $500 per month.

7. Pursuant to the separation agreement, the defendant is further required to pay the plaintiff $52,434.42 in installments of: $11,000 on or before May 10, 2003, $11,000 on or before November 10, 2003, $10,434.42 on or before May 10, 2004, and $20,000 on or before May 10, 2008. These equitable distribution payments were based on a joint and amicable valuation of marital property, most of which was retained by the debtor.

8. To date, the defendant has paid the plaintiff a total of $22,000, leaving $30,434.42 still due and owing under the terms of the separation agreement.

9. The defendant is employed by PCS Phosphate. In the defendant's Schedule I, he reports income of $1,878.66 per month.

10. At the hearing, the plaintiff presented as evidence the defendant's pay stubs for the past two and a half years. Based on this evidence, the plaintiff established that the defendant's average monthly income was actually $2,330.16.

2

11. In the defendant's Schedule J, he reports expenses of $2,354.33 per month. Included in the debtor's expenses are costs associated with yard maintenance, medical expenses, and power. The defendant provided no evidence as to the accuracy of the estimates of these expenses, as reported in his schedules, and the expense for yard maintenance is unnecessary.

12. The defendant has a 401(k) plan in association with his employment, and the $22,000 that has been paid to the plaintiff under the separation agreement was taken from this fund.

13. The defendant has been diagnosed with carpel tunnel syndrome in both hands. The defendant has had surgery to repair one of his hands, requiring approximately one month of recovery time. He anticipates having surgery on the other hand in the near future, requiring a similar recovery period.

14. The plaintiff is employed by the State of North Carolina Department of Correction earning approximately $22,688.04 gross pay per year. The plaintiff has net pay after deductions of $1,454.80 per month.

15. Among the plaintiff's expenses are costs associated with the upkeep of horses. This is an activity in which both she and her daughter have engaged for an extended period of time.

16. The plaintiff requests that the court find that this debt is nondischargeable under 11 U.S.C. § 523(a)(15).

17. The defendant contends that he does not have adequate income and assets to pay

the debt to the plaintiff and that the benefit of the discharge to the defendant outweighs the detrimental consequences to the plaintiff.

## CONCLUSIONS OF LAW

Under 11 U.S.C. § 523(a)(15), a debt that is "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record..." is not discharged unless:

> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependant of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

Based on the evidence presented, the court finds that this is not a dischargeable debt in bankruptcy, and the obligation under the separation agreement must be paid. The defendant has the same job that he had when this agreement was negotiated and he agreed to make these payments. The job appears to be stable. The defendant receives regular raises and overtime, he is accruing 401(k) benefits and a pension, and the court sees no reason why this will not continue. The defendant has had some temporary health problems with carpel tunnel that are able to be cured, and he has some chronic back problems, but these do not disable him from working. Given the defendant's relatively young age, there is no reason why he will not

4

continue to enjoy stable employment that continues to increase in salary and benefits. In determining the defendant's ability to make these payments, the court finds that the income figures on his amended schedules I and J are not accurate. A more accurate reflection of the defendant's income is the two and one half year average of what his net income has been. That calculation shows that there is more income than the defendant indicated, and the court finds that some of the expenses listed on the defendant's schedules are guesses at best, and likely overstated. The court concludes that based on his current income and his ability to borrow from his 401(k) fund and easily meet the current obligations under this agreement, he does have the ability to pay. The court notes that at this time only the 2004 payment is overdue, with the final payment not due for approximately three years.

In balancing the hardships to the parties, the detrimental consequences to the plaintiff of discharging this debt outweigh the benefit of the discharge to the defendant. The defendant here has almost twice the income of his former spouse. His statements show that he can live within his current income and meet his expenses. His former spouse's statements show that she runs a deficit of about $400-$500 per month, and her expenses are credible. In order to sustain a standard of living to which she and her daughter are entitled, she needs these payments. As an example, the size of the small house she purchased after the separation requires that she and her daughter share a bedroom. These payments will allow a modest addition to provide additional needed space. It is true that she spends some money on horses, but marital separation does not require a person to abandon a lifelong interest so long as the expenses are not extravagant.

Thus, based on the evidence presented, the court concludes under 11 U.S.C. 523(a)(15)

5

that these debts are nondischargeable, and the defendant must resume their repayment in accordance with the terms of the separation agreement.

**So Ordered.**

**Dated:  April 29, 2005**

**s/ J. Rich Leonard**
**J. Rich Leonard**
**United States Bankruptcy Judge**
